IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

CASSANDRA NEAL,

    Plaintiff,

v.                                  CASE NO. 4:15cv530-RH/CAS

DEPARTMENT OF JUVENILE JUSTICE,

    Defendant.

_____/

**ORDER DENYING THE MOTION TO
DISMISS THE AMENDED COMPLAINT**

    This is an employment-discrimination case. In the first amended complaint, the plaintiff Cassandra Neal alleges that she was paid less than other employees who held the same or similar jobs—jobs that required skill, effort, and responsibility equal to that required for Ms. Neal's job. ECF No. 14 ¶¶ 10, 32–33. Ms. Neal says a reason for her lower pay was race or gender. She asserts claims of race and gender discrimination under the Florida Civil Rights Act and Title VII of the Civil Rights Act of 1964, as amended, and a claim of gender discrimination under the Equal Pay Act.

The defendant Florida Department of Juvenile Justice has moved to dismiss for failure to state a claim on which relief can be granted. At bottom, the Department's assertion is that the first amended complaint includes too little factual detail. This order denies the motion to dismiss.

I

The Supreme Court has set out the standards governing a motion to dismiss:

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Specific facts are not necessary; the statement need only " 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.' " *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). In addition, when ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint. *Bell Atlantic Corp.*, supra, at 555-556 (citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 508, n.1 (2002); *Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

*Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007). The court must accept the complaint's allegations as true "even if [the allegations are] doubtful in fact." *Twombly*, 550 U.S. at 555.

A complaint thus "does not need detailed factual allegations." *Id*. Nor must a complaint allege with precision all the elements of a cause of action. *See Swierkiewicz*, 534 U.S. at 514-15 (rejecting the assertion that a Title VII complaint could be dismissed for failure to plead all the elements of a prima facie case). But

neither is a conclusory recitation of the elements of a cause of action alone sufficient.  A complaint must include more than "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.  A complaint must include "allegations plausibly suggesting (not merely consistent with)" the plaintiff's entitlement to relief.  *Id.* at 557.  The complaint must set out facts—not mere labels or conclusions—that "render plaintiffs' entitlement to relief plausible."  *Id.* at 569 n.14.

A district court thus should grant a motion to dismiss unless "the plaintiff pleads *factual content* that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (emphasis added).  This is so because

> the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. . . . [Federal] Rule [of Civil Procedure] 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.

*Id.* at 678-79.

II

Based on these principles, the plaintiff in an employment-discrimination case ordinarily must allege facts that are either (1) sufficient to support a plausible

inference of discrimination, or (2) sufficient to show, or at least support an inference, that the plaintiff can make out a prima facie case under the familiar burden-shifting framework set out in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), and its progeny. *See*, *e.g.*, *Ansley v. Fla., Dep't of Revenue*, No. 4:09cv161-RH/WCS, 2009 WL 1973548 (N.D. Fla. July 8, 2009) (adopting this standard).

Here the first amended complaint is sufficient. Ms. Neal, who is African American, alleges that she was paid less than a man specifically identified in the complaint and less than a white woman specifically identified in the complaint. Fairly read, the first amended complaint alleges that that man and woman held jobs that were the same or similar to Ms. Neal's and that the only reason for the disparate pay was race or gender. And in support of the Equal Pay Act claim, the first amended complaint alleges that Ms. Neal's job and the identified man's job required equal skill, effort, and responsibility. Ms. Neal alleges the same is true for other men not specifically identified.

One of course cannot know, based only on the complaint, whether these allegations are correct. But even after *Twombly* and *Iqbal*, a district court cannot properly resolve a factual dispute based only on a review of the complaint. Instead, "federal courts and litigants must rely on summary judgment and control

of discovery to weed out unmeritorious claims sooner rather than later."

*Leatherman v. Tarrant Cty. Narcotics and Intelligence and Coordination Unit*, 507 U.S. 163, 168-69 (1993).

III

For these reasons,

IT IS ORDERED:

The motion to dismiss, ECF No. 16, is denied.

SO ORDERED on December 30, 2015.

s/Robert L. Hinkle  
United States District Judge